UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLECCIA MERIDY, et. al,

    Plaintiffs,                              Civil Action No. 14-CV-10697
                                                     HON. BERNARD A. FRIEDMAN

vs.

CAMP BRIGHTON SUPERVISOR,

    Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

This is a prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. Plaintiffs Charleccia Meridy, Yvette Armstrong, Reba Navajar, Monique Saucier, and Toranita Meridy, are Michigan prisoners who were confined at the Camp Brighton Correctional Facility in Ypsilanti, Michigan. The Court has reviewed the complaint and dismisses it without prejudice as to the plaintiffs filing individual complaints.

**I.**    **Background**

Plaintiffs are suing the supervisor of the Camp Brighton Correctional Facility for being subjected to contaminated water due to the overflow of a septic tank. Plaintiffs seek monetary damages on the ground that the conditions at the facility constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

**II.**    **Discussion**

The Court dismisses the complaint without prejudice because plaintiffs have improperly joined their claims. The Court is aware that the joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). In fact, Fed. R. Civ. P. 20(a)(1), indicates that

"[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Notwithstanding Fed. R. Civ. P. 20(a)(1), there remain "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citing *Boretsky v. Corzine*, No. 08-2265, 2008 U.S. Dist. LEXIS 48003, at *5 (D.N.J. Jun. 23, 2008)). Several of the problems that arise from multiple plaintiff prisoner litigation include the "need for each plaintiff to sign every pleading, and the consequent possibilities that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Id.* (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16). Moreover, allowing multiple prisoner-plaintiffs to proceed in a single action "invites violations of Rule 11(a), which requires every pleading to be signed by all pro se plaintiffs." *Proctor*, 661 F. Supp. 2d at 780 (citing *Ghashiyah v. Frank*, No. 05-0766, 2008 U.S. Dist. LEXIS 18378, at *11-12 (E.D.Wis. Mar. 10, 2008). Multiple plaintiff prisoner cases like these not only run the risk that pleadings may be filed on behalf of the other plaintiffs without their consent. *Id.* They face the additional problem that "jail populations are notably transitory, making joint litigation difficult." *Id.* (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16). Moreover, the ability to resolve "individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," *id.* (quoting *Boretsky*, 2008 U.S. Dist. LEXIS 48003, at *16), would otherwise become unwieldy.

In view of the foregoing, the Court will dismiss the complaint without prejudice to the individual plaintiffs filing complaints on their own behalf. Accordingly,

IT IS ORDERED that the complaint is dismissed without prejudice as to the individual plaintiffs each filing complaints on their own behalf.

Dated: March 27, 2014___                S/ Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE